IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CASE NO. 4:25-CR-16 (CDL)** |
| **NIMESH VIJAY DESAI** | : | |
| **Defendant** | : | |

# PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on March 4, 2026, Defendant Nimesh Vijay Desai (hereinafter "Desai" or "Defendant"), was found guilty by a jury on Counts One through Three, Six, and Seven of the Indictment charging him with Possession with Intent to Distribute Methamphetamine, to the lesser offense of Simple Possession of Methamphetamine, in violation of Title 21, United States Code, Section 844(a); Possession with Intent to Distribute Fentanyl, to the lesser offense of Simple Possession of Fentanyl, in violation of Title 21, United States Code, Section 844(a); Possession with Intent to Distribute Heroin, to the lessor offense of Simple Possession of Heroin, in violation of Title 21, United States Code, Section 844(a); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2; and Possession of a Firearm and Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8), and 924(e);

AND WHEREAS, the Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 21, United States Code, Section 853, of any

property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); and/or any firearms and ammunition involved in or used in the commission of the offense(s) pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c);

AND WHEREAS, the United States filed a Notice of Bill of Particulars for Forfeiture of Property as to the Indictment giving notice to Desai that upon conviction of the aforementioned offense(s) the Government would seek criminal forfeiture of the following property:

**FIREARMS/MAGAZINES/AMMUNITION**

A. One (1) Kahr, Model: P9, 9mm pistol, Serial Number: EA4739, with a magazine, holster, and one (1) round of "GFL" ammunition;

B. One (1) Glock, Model: 19 Gen 4, 9mm pistol, Serial Number: ZGG957, with a magazine, and approximately twelve (12) rounds of ammunition;

C. One (1) H&K, Model: VP9, 9mm semi-automatic pistol, Serial Number: 224-029596, with a fifteen-round magazine, and approximately thirteen (13) rounds of 9mm ammunition;

D. One (1) Smith & Wesson, Model: PC1911-2, .38 caliber semi-

automatic pistol, Serial Number: DKC0152, with a magazine;

E. One (1) Ruger, Model: Security 9, 9mm semi-automatic pistol, Serial Number: 384-37173, with a nine-round magazine, and approximately seven (7) rounds of 9mm ammunition;

F. One (1) fifteen-round Ruger magazine;

G. One (1) Hawk Industries, Model: Hawk 982, 12-gauge shotgun, Serial Number: CV000667;

H. Two (2) black extended magazines for SDS Imports Civet 12;

I. One (1) Sig Sauer, Model: P239, .40 caliber semi-automatic pistol, Serial Number: SA4106663 with a magazine, and approximately seven (7) rounds of .40 caliber ammunition;

J. Approximately thirty (30) rounds of 9mm ammunition;

K. Approximately two (2) rounds of .380 ammunition;

L. Approximately eight (8) rounds of .44 ammunition;

M. Approximately two hundred (200) rounds of 22LR ammunition; and

N. Approximately three (3) 12-gauge shells,

(hereinafter collectively referred to as the “subject property”).

AND WHEREAS, the United States having filed a Motion for Preliminary Order of Forfeiture for the subject property;

AND WHEREAS, the Court has determined, based on the evidence already in the record, that (1) Defendant has an ownership interest in the subject property; (2) that the property is subject to forfeiture pursuant to 21 U.S.C. § 853 and /or 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c); and (3) that the United States has established the requisite nexus between the aforesaid offense(s) and the subject property;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the subject property and the offense(s) of conviction, and the subject property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the subject property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject property, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General (or his

designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

4. Any person, other than the above-named Defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. ' 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 924(d)(1).

5. **Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment**. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner=s right, title or interest in the subject property, the time and circumstances of the petitioner=s acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner=s claim and the relief sought.

7. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the subject property following the Court=s disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. ' 853(n), incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 924(d)(1) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this 14th day of August, 2026.

S/Clay D. Land

CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA